**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 9, 2020
Decided July 27, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-2619

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 CR 485 |
| KALVIN STEWART, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

**O R D E R**

On August 30, 2018, a grand jury returned an indictment charging Kalvin Stewart with four drug-related offenses. He pleaded guilty to one: conspiracy to distribute and to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 846.

The Sentencing Guidelines apply the career-offender enhancement when the defendant (in addition to requisites not at issue here) "has at least two prior felony

convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The presentence investigation report determined that Stewart had two prior felony convictions for controlled-substance offenses and thus recommended that he be sentenced as a career offender. Upon application of the enhancement, the Guidelines calculation yielded a range of 188 to 235 months in prison.

Stewart objected to the career-offender enhancement. He argued that one of the predicate convictions identified in the PSR—a Wisconsin conviction for possession with intent to distribute cocaine in violation of sections 961.41(1m)(cm) and 939.05 of the Wisconsin Statutes—was categorically broader than the Guidelines definition of a "controlled substance offense." U.S.S.G. § 4B1.2(b).

The district judge disagreed, applied the career-offender enhancement, and sentenced Stewart to 188 months in prison. He appealed, renewing his contention that the Wisconsin statute is not a valid predicate offense for the application of the career-offender enhancement.

We use a categorical approach to determine whether an offender's prior offenses are predicate crimes under the Sentencing Guidelines. *United States v. Edwards*, 836 F.3d 831, 834–35 (7th Cir. 2016). The determination turns on the statute of conviction, not the actual conduct for which the offender was convicted. If an indivisible statute criminalizes conduct that does not constitute a "controlled substance offense" under the Guidelines, then a conviction under the statute does not qualify as a predicate offense. *Id.*

Stewart notes that the Wisconsin statute penalizes inchoate offenses—namely, (1) aiding and abetting the possession of controlled substances with intent to distribute and (2) conspiracy to possess with the intent to distribute. Because the Guidelines definition of "controlled substance offense" does not explicitly include inchoate offenses, he argues that the Wisconsin statute is broader than the Guidelines definition and therefore not a valid predicate offense.

We have already rejected Stewart's argument in *United States v. Adams*, 934 F.3d 720 (7th Cir. 2019). There the defendant argued that an Illinois controlled-substances law was categorically broader than the federal definition of "controlled substance offense" because the Illinois statute criminalizes inchoate offenses. *Id.* at 727. We were unconvinced. We observed that Application Note 1 to § 4B1.2 explicitly states that the

definition of "controlled substance offense" encompasses inchoate offenses such as "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id.* So we held that the phrase "controlled substance offense" includes inchoate offenses and that criminal statutes that penalize inchoate offenses are not categorically broader than federal controlled-substance offenses. *Id.* at 729–30.

Stewart hasn't asked us to revisit our holding in *Adams*, and the decision squarely controls here. Because the definition of "controlled substance offense" in the career-offender guideline encompasses inchoate offenses, the Wisconsin controlled-substances statute is a valid predicate. Stewart had two predicate controlled-substance offenses, and the judge correctly sentenced him as a career offender.

AFFIRMED